IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SOLOMON FARR,

    Plaintiff,                  No. CIV S-08-2974 GGH

  vs.

SOLANO COUNTY,

    Defendant.               ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. On January 29, 2009, the court dismissed plaintiff's complaint with leave to file an amended complaint within thirty days. Plaintiff failed to file an amended complaint and the court dismissed the case on April 2, 2009. On June 5, 2009, plaintiff brought a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b).

        <u>Relief from Judgment</u>

        Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." <u>Gonzalez v. Crosby,</u> 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005). Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

1

neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court." Allmerica Financial Life Insurance and Annuity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

Plaintiff states that he was unable to comply with the court's deadline because he is a layman concerning the law and is still analyzing the Federal Rules of Civil Procedure to better correct the deficiencies of the original complaint. Plaintiff also states he thought he would obtain counsel. Plaintiff makes no other attempts to describe his failure to file an amended complaint in the four months since the court provided leave to amend or why he was unable to request an extension or apprise the court of the situation until now. Nor does plaintiff provide any indication that he will be able to filed an amended complaint in the near future. Plaintiff has failed to plead sufficient facts to warrant relief.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for relief from judgment, pursuant to Rule 60(b), be denied.

DATED: June 15, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
farr2974.60b

2